# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-50523
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANGEL ROMERO-FACIO,
Also Known as Jose Romero-Facio,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-3236-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Romero-Facio appeals his guilty plea conviction of importing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marihuana, possessing with intent to distribute marihuana, and using a minor in a drug operation, for which he was sentenced to 41 months of imprisonment. He contends that the district court did not provide an adequate explanation for his sentence and that his within-guideline sentence was unreasonable.

Romero-Facio did not object to the district court's explanation of the sentence. We review his contention for plain error. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir.), *cert. denied,* 129 S. Ct. 625 (2008). To preserve the argument for further review, Romero-Facio argues that the plain error standard should not apply; he concedes the argument is foreclosed by *Lopez-Velasquez.*

The district court listened to Romero-Facio's arguments for a variance from the guideline sentencing range, rejected them, and stated that a within-range sentence was appropriate. In light of the facts of Romero-Facio's case and the arguments he presented for a variance, the court provided a sufficient explanation. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007).

A discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita*, 127 S. Ct. at 2462 . The 41-month sentence is within the 41-51-month guideline range and is presumptively reasonable. *See Alonzo*, 435 F.3d at 554. Romero-Facio has not shown that the sentence was unreasonable under the abuse-of-discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

First, Romero-Facio's economic situation and his health, while unfortunate, do not make him stand out from a garden-variety drug mule. Second, he has not shown that he would not have been charged with using a minor in a drug operation had he not told the authorities that Roberto Ramirez directed him to use his son to facilitate his crossing. Third, Romero-Facio has not demonstrated any logical connection between his sentence and his potential to make a living after he completes his prison term and is removed to Mexico. Fourth, Romero-

Facio's criminal history score of 3 does not overstate the seriousness of his criminal history of one assault conviction and two convictions of driving while intoxicated to an extent that a within-range sentence was an abuse of discretion. *Cf.* U.S.S.G. § 4A1.3(b) (addressing downward departures). Fifth, even if Romero-Facio is correct that nothing in the record suggests that a 41-month term is necessary for correctional treatment or medical care, he does not indicate how this shows that his sentence reflects a clear error of judgment. *See United States v. Nolen*, 472 F.3d 362, 376 n.29 (5th Cir. 2006).

AFFIRMED.